51 F.3d 269
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Terry Lee ROBINSON, Defendant-Appellant.
 No. 92-5664.
 United States Court of Appeals, Fourth Circuit.
 Submitted: March 14, 1995.
Decided: March 29, 1995.
 
 Geoffrey C. Mangum, Greensboro, NC, for Appellant. Mark T. Calloway, United States Attorney, Louis M. Fischer, United States Department of Justice, Washington, DC, for Appellee.
 Before WIDENER and HALL, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Defendant Terry Robinson appeals his conviction and sentence for conspiracy with intent to distribute cocaine, possession with intent to distribute cocaine, and distribution of cocaine. He argues that the evidence was insufficient to sustain his convictions and that the district court erred in denying his motion for acquittal, he should have been allowed to reopen the evidence, he was entitled to a reduction for acceptance of responsibility and for playing a minor role in the offense, and the district court erroneously failed to provide a statement of reasons for imposing a sentence at the high end of the guideline range. Finding no error, we affirm.
 
 
 2
 Robinson asserts that testimony of co-conspirators alone should not be sufficient to sustain his conviction. However, the settled law of this circuit is that the testimony of a defendant's accomplices, standing alone and uncorroborated, is sufficient to support a conviction. United States v. Burns, 990 F.2d 1426, 1439 (4th Cir.), cert. denied, 61 U.S.L.W. 3819 (U.S.1993). Moreover, contrary to Robinson's assertions, the testimony of his co-conspirators was corroborated by motel and telephone records, from which the jurors were free to infer Robinson's participation in the conspiracy.
 
 
 3
 Next, Robinson asserts that the court abused its discretion in declining to reopen the evidence in order to admit his birth certificate after the parties had rested their cases and counsel had presented closing arguments. Robinson claimed that he was born "Terry Lee Highsmith," and he sometimes used the name "Highsmith" when registering at motels to prevent other truckers from using his room.* The reopening of a criminal case after the close of evidence is within the discretion of the trial judge. United States v. Paz, 927 F.2d 176,
 
 
 4
 179 (4th Cir.1991). We do not find that the trial court abused its discretion in declining to reopen the evidence. First, the trial court instructed the jury that the only evidence regarding the birth certificate was Robinson's testimony and that it was uncontradicted. Additionally, the government did not have time to investigate the accuracy of the birth certificate to ensure that Robinson was actually the person named on the certificate. The facts here simply fail to disclose an abuse of discretion.
 
 
 5
 Robinson's claim that he was entitled to a two-point reduction on his base offense level under U.S.S.G. Sec. 3E1.1 for acceptance of responsibility has no merit. To earn the reduction, Robinson must show acceptance of responsibility for all of his criminal conduct. United States v. Gordon, 895 F.2d 932, 936 (4th Cir.), cert. denied, 498 U.S. 846 (1990). At trial and sentencing, Robinson regretted his association with his co-conspirators but denied he had knowledge of the conspiracy or knowingly participated in drug trafficking. The district court did not clearly err in determining that "regret" does not equal acceptance of responsibility.
 
 
 6
 Robinson's assertion that the district court should have granted a reduction under U.S.S.G. Sec. 3B1.2(b) because he played a minor role in the conspiracy is without merit. Because Robinson failed to raise the issue either as an objection to the presentence report or at sentencing, it is barred absent a showing of plain error. United States v. Grubb, 11 F.3d 426, 440 (4th Cir.1993). We find no plain error.
 
 
 7
 Finally, Robinson's claim that the district court violated 18 U.S.C. Sec. 3553(c)(1) (1988) by failing to state why he was sentenced at a particular point within the applicable guideline range is without merit. Based on our review of the sentencing colloquy, we reject Robinson's claim that the sentencing judge failed to comply with Sec. 3553(c)(1).
 
 
 8
 We therefore affirm Robinson's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 9
 AFFIRMED.
 
 
 
 *
 Robinson had earlier worked as a truck driver